# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-30355 |
| PFO GLOBAL, INC., *et al.*, | § | |
| | § | Chapter 7 |
| Debtors. | § | |
| | § | (Jointly Administered) |

## ORDER GRANTING TRUSTEE'S MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE WITH DEBTORS' FORMER DIRECTORS AND OFFICERS AND CERTAIN RELATED PARTIES [DKT. NO. ------]

Before the Court is the *Trustee's Motion, Pursuant to Federal Rule of Bankruptcy Procedure 9019, for Entry of an Order Approving Settlement and Compromise with Debtors' Former Directors and Officers, and Certain Related Parties* ("Motion")[1] [Dkt. No. -----], filed by Shawn K. Brown Chapter 7 Trustee (the "Trustee") of PFO Global, Inc. and its related entities,

---

[1] All capitalized terms shall have the same meaning as ascribed in the Motion, unless otherwise defined herein.

Pro Fit Optix Holding Company, LLC, Pro Fit Optix, Inc., PFO Technologies, LLC, PFO Optima, LLC, and PFO MCO, LLC, (collectively, "PFO" or "Debtors").

The Motion seeks approval, under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, of a settlement agreement ("Settlement Agreement") entered into by and among the Trustee, the Directors and Officers (as defined in the Motion), and insurer Wesco (as also defined in the Motion) (collectively, the "Parties") and filed as Exhibit B to the Motion. The Settlement Agreement will yield a Settlement Payment of $1,075,000.00 to the Estates, and provides for releases of the Directors and Officers and Wesco, subject to the terms and conditions set forth in the Settlement Agreement. The Court has reviewed the Motion and Settlement Agreement and has taken judicial notice of the entire record in this case.

Based on the foregoing, the Court makes the following Findings of Fact and Conclusions of Law:

A. **Jurisdiction:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O). This Court has subject matter jurisdiction over the Claims settled pursuant to 28 U.S.C. §§ 157 and 1334.

B. **Good-Faith Negotiations:** Counsel for the Trustee has apprised the Court of the negotiations that preceded the Settlement Agreement, and the Court finds that the Settlement Agreement is the result of extensive, arm's-length bargaining among the Parties and represents a good-faith compromise and resolution of the matters settled. The Settlement Agreement is not the product of any collusion among the Parties, nor did the Parties negotiate the Settlement Agreement with any intent to prejudice persons or entities subject to the Settlement Agreement.

C.      **Benefits of Settlement:** The Settlement Agreement provides, *inter alia,* the following concrete benefit to the Debtors' Estates: pursuant to the terms of the Settlement Agreement, the Debtors' Estates will receive a Settlement Payment of One Million Seventy Five Thousand Dollars ($1,075,000.00) without further delay, risk, and expense associated with prosecuting litigation.

D.      **Settlement is Reasonable and in the Best Interests of Creditors of the Debtors' Estates:** The Court is familiar with the claims and defenses asserted by the Trustee, which have been settled pursuant to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, and adequate within the parameters established in *In re Cajun Elec. Power Coop, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (the "*Cajun Electric* Factors") as more fully discussed below. Specifically, the Court finds and concludes that the Trustee has met his burden with respect to the *Cajun Electric* Factors: (i) the probability of success in the litigation; (ii) the complexity and likely duration of the litigation, any attendant expense, inconvenience or delay, and possible problems collecting a judgment; (iii) the interests of creditors with proper deference to their reasonable views; and (iv) the extent to which the settlement is truly the product of arm's length negotiations. Accordingly, the Trustee has demonstrated the exercise of prudent business judgment in connection with the Settlement Agreement. The Settlement Agreement falls above the lowest point in the range of reasonableness and is in the best interests of the creditors of the Debtors' Estates.

E.      **Notice and Opportunity to be Heard:** The form and means of the notice of the Motion that the Trustee provided, pursuant to N.D. Tex. L.B.R. 2002-1(f), to all parties who have appeared in the Bankruptcy Case and creditors that have filed claims, is good and proper notice pursuant to the Bankruptcy Rules, Local Rules of this Court and other applicable law, and is determined to be the best notice practicable under the circumstances, and no other or further notice

is or shall be required. In particular, (a) the Court provided notice of the Motion by Notice of Electronic Filing generated by CM/ECF to all parties and counsel who have appeared in this Bankruptcy Case and consented to electronic notice, including the Office of the United States Trustee for the Northern District of Texas; and (b) the Trustee provided notice of the Motion, via U.S. Mail, postage prepaid to (i) all of the Debtors' creditors who have filed claims; and (ii) all counsel, creditors and parties who have appeared in this Bankruptcy Case and are on the Court's mailing matrices for this Bankruptcy Case, but are not registered to receive Notices of Electronic Filings in this Bankruptcy Case ("Noticed Parties").

Based on the foregoing, the Court finds and determines that the Settlement Agreement is fair, equitable, falls above the lowest point in the range of reasonableness, is in the best interest of the creditors of the Debtors' Estates, meets all of the *Cajun Electric* Factors, and that the Trustee exercised prudent business judgment in connection therewith and satisfied the legal standards under the facts of this Bankruptcy Case. Accordingly, it is –

**ORDERED** as follows:

1.     **Motion**: The Motion is GRANTED in its entirety.

2.     **Settlement Agreement:** The Settlement Agreement is APPROVED in all respects, and the terms and conditions of the Settlement Agreement are incorporated in this Order as if fully stated herein. The Parties are authorized and directed to execute and deliver the Settlement Agreement, and to perform all acts as are necessary and appropriate to effectuate the Settlement Agreement.

3.     **Objections**: Any creditor or other party-in-interest that did not file or assert and serve a written objection to the Motion is conclusively deemed to have waived any objection they may have to the Motion and the Settlement Agreement.

4. **Releases:** The Releases contained in the Settlement Agreement are APPROVED in their entirety and incorporated herein by reference, conditioned on the Settlement Payment provided for in the Settlement Agreement being paid.

5. **Notice:** In addition to service that will be effected by CM/ECF on all parties that are registered to receive Notices of Filing in this Bankruptcy Case, the Trustee's counsel is directed to serve a copy of this Order, by U.S. Mail, postage prepaid, on all other Noticed Parties, and such service is deemed good and adequate service of this Order.

6. **Retention of Jurisdiction**: The Court retains jurisdiction to enforce, implement, and interpret the terms of this Order and the Settlement Agreement and all other matters addressed herein.

## END OF ORDER ##

Submitted by:

Kevin McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone:  214-953-0182
Facsimile:  214-953-0185
kdm@romclaw.com
sthomas@romclaw.com

COUNSEL FOR SHAWN K. BROWN, CHAPTER 7 TRUSTEE