**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 17-30355-SWE-7 &** |
| | * | **CASE NO. 17-30365-SWE-7** |
| **PFO GLOBAL, INC., et al.** | * | |
| **& PFO MCO LLC,** | * | **(Jointly Administered)** |
| | * | |
| **DEBTORS.** | * | **CHAPTER 7** |

**UNITED STATES' MOTION TO REQUIRE CHAPTER 7 TRUSTEE SHAWN BROWN TO PAY IRS PRIORITY CLAIM IN CASE NO. 17-30365, & SUPPORTING BRIEF**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75201, BEFORE CLOSE OF BUSINESS ON NOVEMBER 20, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Pursuant to Federal Rules of Bankruptcy Procedure 9012 and 9013, and 11 U.S.C. § 726(a)(1), United States of America (Internal Revenue Service), a secured and priority creditor and party-in-interest, moves the Court to order Chapter 7 Trustee Shawn Brown to pay the

attached IRS priority claim (**Gov. Ex. 1)** (Amendment No. 2 to Proof of Claim dated 2/10/2017) in the amount of **$95,986.31,** which claim was filed in Case No. 17-30365, as follows:

**Background**

On January 31, 2017, the above-referenced main bankruptcy case, No. 17-30355, was filed by PFO Global, Inc. and affiliates (collectively "PFO") as a voluntary Chapter 11 case, showing estimated assets on their bankruptcy petition (ECF No. 1) of between $0 and $50,000. However, in its summary of assets and liabilities (ECF No. 75) filed February 24, 2017, the Debtor disclosed $0 real property, $0 personal property, and $0 total property.

On June 22, 2017, Shawn Brown was appointed Chapter 11 Trustee. ECF No. 222.

On November 14, 2017, this case was converted to a Chapter 7 case, ECF No. 329, thereafter, Shawn Brown was appointed Chapter 7 Trustee. On December 1, 2017, Trustee Brown filed his first monthly operating report. ECF No. 348.

On October 11, 2018, the IRS filed an amended priority tax claim (Claim 1-3, **Gov. Ex. 1**) in related Case No. 17-30365, for a total of **$95,986.31,** that included federal employment (Form 941-WT-FICA) employment taxes for all four quarters of 2015 and the first quarter of 2016, as well as FUTA (Form 940-unemployment) taxes, in the total amount of **$95,986.31**. The remainder of the claim was a general unsecured claim in the amount of **$76,348.31,** for penalty to petition date on unsecured priority claims, including a $400 estimated claim for unfiled partnership tax returns for tax periods 2014, 2015, 2016, and 2017. The Trustee has not objected to this claim. An unobjected to proof of claim is allowed. 11 U.S.C. § 502(a).

On January 30, 2019, Shawn Brown as Chapter 7 Trustee filed an adversary complaint (Adv. No. 19-03012, "the D&O Adversary") for damages and other relief, against former PFO directors and officers Charles Posternack, Edward Greene, Edward Dean Butler, Joseph P.

Schimmel, Matthew G. Cevasco, Rudolf Suter, Mahesh Shetty, Timothy Kinnear, and Brigitte Rousseau, for alleged breach of fiduciary duties of care and loyalty, gross negligence, usurping PFO's corporate opportunities, and avoidance of transfers, seeking unspecified actual and consequential damages, avoidance of transfers, and other relief.

On October 6, 2023, over three years ago, this Court entered an Order ("the Order", ECF No. 615, **Gov. Ex. 2**), granting the Trustee's Motion (ECF No. 604), approving a settlement of the Adversary, that would yield a settlement payment of **$1,075,000** to the PFO bankruptcy estates from PFO's insurer Wesco Insurance Company. On December 14, 2023, the D&O Adversary was closed.

On October 30, 2023, presumably after Wesco made the $1 million payment to the bankruptcy estate, the Trustee filed interim reports (ECF Nos. 621, 626), with a projected date of filing final report of 12/31/2024.

On November 8, 2024, the Trustee filed interim reports (ECF Nos. 634, 637), with a projected date of filing a final report of 6/30/2025.

On October 31, 2025, the Trustee filed interim reports (ECF Nos. 655, 660), with a projected date of filing a final report of 6/30/2026.

On April 27, 2026, the Trustee filed interim reports (ECF Nos. 664, 669), with a projected date of filing a final report of 12/31/2026.

On July 9, 2026, Brigitte Rousseau, former CFO for the Debtor, now a debtor in her own bankruptcy, No. 26-41427 ("the 2026 Rousseau Bankruptcy"), U.S. Bankruptcy Court, Eastern District of Texas, filed an Objection to the IRS Proof of Claim No. 9 **(Gov. Ex. 3)** in that case, with Rousseau's Declaration**,** indicating that bankruptcy counsel (in this bankruptcy) committed to paying the balance due by PFO [which includes the 941 tax for which Rousseau was assessed

the trust fund recovery (Section 6672) penalty for the third and fourth quarters of 2015 and the first quarter of 2016, the same quarters for which the related Form 941 tax was not paid by PFO. **Gov. Ex. 4** is Rousseau's similar Declaration filed in her 2023 bankruptcy (Case No. 23-42216). In the 2026 Rousseau Bankruptcy, Judge Brenda Rhoades entered an amended agreed scheduling order **(**ECF No. 51, **Gov. Ex. 5),** setting a discovery deadline of November 2, 2026, a dispositive motion deadline of December 7, 2026, and a pretrial conference of March 3, 2027. The Government is in the process of filing a motion to stay/extend the deadlines in the Rousseau bankruptcy, until this motion is ruled upon and the IRS priority claim in this case is paid, which would include the Form 941 trust fund employment tax that resulted in the related 6672 assessments against Rousseau.

On October 19, 2026, the undersigned counsel spoke with Trustee Brown, as well as his CPA Dean Bielitz, regarding the IRS priority claim and when it may be paid. Messrs. Brown and Bielitz were supposed to schedule a meeting with Government counsel regarding this claim, but never responded to her two emails sent to them on October 19. Copies of these emails are attached hereto as **Gov. Ex. 6.**

On October 28, 2026, the Trustee filed interim reports (ECF Nos. 679, 680, 681, 682, 683, and 684), with a projected date for filing a final report of 6/30/2027. With respect to the $1 million settlement on the D&O Adversary, these reports state on page 1: "Proceeds in affiliate case", with no indication of which affiliate case they are being held, or in which account.

## Legal Authorities and Argument

The principal duty of the Chapter 7 trustee is to collect and liquidate property of the estate and to distribute the proceeds to creditors, and a chapter 7 case must be administered to maximize and expedite dividends to creditors. Department of Justice Handbook for Chapter 7

Trustees, pp. 4-1, 4-2. Bankruptcy Code § 704(a)(1) provides that a trustee shall close an estate as expeditiously as is compatible with the best interests of the estate. *See also Estes & Hoyt v. Crake (In re Riverside-Linden Investment Co.),* 925 F.2d 320, 322 (9th Cir. 1991); *Bunch v. Maloney*, 233 F. 967, 969 (8th Cir. 1916). A bankruptcy trustee is a fiduciary of the estate's creditors, and his duty to collect and "conserve the assets of the estate and to maximize distribution to creditors" is a fiduciary obligation. *See, e.g., United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730-31 (9th Cir. 1986) (citing *In re Benny*, 29 Bankr. 754, 860 (Bankr. N.D. Cal. 1983) for the same proposition).

The Bankruptcy Code grants certain claims priority treatment in distribution. *In re Chesteen*, 799 F. App'x 236, 239 (5th Cir. 2020) (internal citations omitted). Section 726 states that a bankruptcy court "shall" follow its prescribed order of distribution to unsecured creditors. 11 U.S.C. § 726(a). Courts may not deviate from this distribution scheme even in the "rare case".

Because the IRS Claim is an allowed claim[1], it is necessary to determine the priority of the Claim so that the Trustee will know how to distribute the monies that he holds from liquidating the estate's assets. The IRS Claim sets forth that the IRS holds a priority claim of $132,833.08 and a general unsecured claim of $59,497.60. The section governing the priority of distribution is § 726(a), which delineates the tiers of distributees who receive payments from the chapter 7 trustee. 11 U.S.C. § 726(a)(2004). § 726(a)(1) describes the first tier of claimants to whom property of the estate shall be distributed, as follows:

> first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section.
> 11 U.S.C. § 726(a)(1)(2004) (emphasis added).

---

[1] 11 U.S.C. § 502(a).

There is no question that the IRS priority claim of **$95,986.31** constitutes a claim "of the kind specified in . . . section 507 of this title." *In re Profco, Inc.,* 339 B.R. 614, 620 (Bankr. S.D. Tex. 2005). There is also no question that this priority claim was timely filed. Hence, whether this priority claim falls within the § 726(a)(1) category of first tier distributees… [turns] on whether the Claim was filed "before the date on which the trustee commences distribution under this section." Id.

The Trustee has made interim distributions in this case. He has paid certain administrative claims such as his fees and other professional fees. There is no question that the IRS priority claim falls within the § 726(a)(1) category. Id.

This is a 9-year old bankruptcy case. Three years have passed since Trustee Brown received a $1 million settlement on the D&O Adversary. Although under the Internal Revenue Code, Rousseau was properly assessed the trust fund recovery (Section 6672) penalty, the Government as a creditor in this case should not have to expend additional valuable resources pursuing Rousseau for uncontested priority taxes that it has a right to be paid in this case -- especially when there are ample funds available for such payment in this case and there appears to be no reason why the Trustee is delaying such distribution.

Therefore, this Motion should be granted, or an evidentiary hearing should be set on this Motion, requiring Trustee Brown to come to Court and explain why he cannot pay the IRS priority claim before June 30, 2027, nearly four years after he received a $1 million settlement of the D&O Adversary, and other appropriate relief.

Respectfully submitted,

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
U. S. Department of Justice
Civil Division
Tax Litigation Branch
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
214/880-9766 [9741 fax]

ATTORNEY FOR THE UNITED STATES
(INTERNAL REVENUE SERVICE)

## CERTIFICATE OF CONFERENCE

I certify that on October 19, 2026, with his counsel Shannon Thomas' permission, I spoke by telephone to Chapter 7 Trustee Shawn Brown, as well as his CPA, Dean Bielitz, and emailed them regarding the issues in this Motion, which emails are attached hereto as **Gov. Ex. 6**. Neither Mr. Brown nor Mr. Bielitz responded to these emails. On October 28, 2026, I called and emailed Ms. Thomas, to determine whether this Motion would be opposed. On October 29, 2026, I spoke by telephone with Ms. Thomas, who indicated that she had spoken with Mr. Brown about paying the IRS priority claim, but she could not tell me when the claim may be paid. Therefore, the Government assumes that this Motion will be opposed.

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made on the 29th day of October, 2026, by sending a copy through the ECF-system to all parties registered with CM/ECF in this case or listed on the attached service list via U.S. mail, and to the following by U.S. mail, email, or the ECF-system:

| | |
|---|---|
| Shawn K. Brown<br>Chapter 7 Trustee<br>PO Box 93749<br>Southlake, TX 76092 | VIA ECF-SYSTEM & U.S. MAIL |
| Kevin Dale McCullough<br>Shannon S. Thomas<br>Edwin Paul Keiffer<br>Rochelle McCullough, LLP<br>901 Main Street<br>Ste 3200<br>Dallas, TX 75202 | VIA ECF-SYSTEM |
| Lisa Lambert<br>Office of the United States Trustee<br>1100 Commerce St., Room 976<br>Dallas, TX 75242-1496 | VIA EMAIL |

*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER

**SERVICE LIST**

In re: PFO Global, Inc., et al., Debtors
Case No. 17-30355 (Jointly Administered)
Date: 02/13/2017

PFO Global, Inc., et al.
14401 W. Beltwood Parkway
Suite 115
Farmers Branch, TX 75244

Rosa R. Orenstein
Nathan M. Nichols
Orenstein Law Group, P.C.
1910 Pacific Avenue, Suite 8040
Dallas, TX 75201

Hillair Capital Investments LP
345 Lorton Avenue
Suite 303
Burlingame, CA 94010

Hillair Capital Management LLC
345 Lorton Avenue
Suite 303
Burlingame, CA 94010

Adam H. Friedman
Jonathan T. Koevary
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019

Jason S. Brookner
Gray Reed & McGraw LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201

US TRUSTEE (DALLAS)
1100 COMMERCE STREET
ROOM 976
Dallas, TX 75242

Atlas Technologies, AG
1704 Main Street
# 1706
Dallas, TX 75202

James E. Anderson
29874 Henderson Station Rd
Henderson, MN 56044

Thomas G. Bongard
6217 Woodlake Road
Jupiter, FL 33458

Auxol Capital
570 Ocean Drive #201
Juno Beach, FL 33408-1953

Joel D. Tracy
574 Glen Ridge Drive South
Bridgewater, NJ 08807

Transition Capital LLC
Cohen, Chase, Hoffman & Schimmel, PA
9400 S. Dadeland Blvd,Suite 600
Miami, FL 33156

Carlos Gavidia
212 Spyglass Lane
Jupiter, FL 33477

Joel D. Tracy
39 Avenue At the Common
Suite 210
Shrewsbury, NJ 07702

Asahi Lite Optical
47-26 Shimokoubata-cho
Sabe City, Fuikai 9160038 Japan

Daniel W. Armstrong
611 Loch Chalet Court
Arlington, TX 76012

Nimal H. Liyanage
22006 Summit Hill Drive
Lake Forest, CA 92630

Danbury Square Box Co.
1A Broad Street
Danbury, CT 06810

Daniel T. York
6671 W. Indiantown Rd
Suite 50-404
Jupiter, FL 33458

PFO Fund LLC
Cohen, Chase, Hoffman & Schimmel, PA
9400 S. Dadeland Blvd, Suite 600
Miami, FL 33156

Deanco Building Solutions
dba DBS Building
21 Douglas Ave
Providence, RI 02908

Grenville Strategic Royalty Corp.
220 Bay Street
Suite 550
Toronto, ON M5J 2WA

Richard B. Williamson
1230 E Hazel Blvd.
Tulsa, OK 74114

Demezzo Landscaping
13 Cedard Lane
Oxford, CT 06478

Haynes & Boone
2505 North Plano Road
Suite 4000
Richardson, TX 75082-4101

Robert J. Desino
8786 NW Highway 225A
Ocala, FL 34482

Echo Global Logistics Inc.
600 West Chicago Ave
Suite 725
Chicago, IL 60654

HCA Capital Fund LLC
Cohen, Chase, Hoffman & Schimmel, PA
9400 S. Dadeland Blvd
Suite 200
Miami, FL 33156

R. Douglas Armstrong
570 Ocean Drive #201
Juno Beach, FL 33408-1953

Federal Express Corp.
P.O BOX 371461
Pittsburgh, PA 15250-7461

HP Equity Fund LLC
c/o Harry Hahamovitch
2206 W. Atlantic Avenue
Suite 201
Delray Beach, FL 33445

Scott E. Schalk
9421 Bristol Ridge Court
West Palm Beach, FL 33411

Forever Vision LTD
Flat 01, 11/F kwong Sang Hong Centre
151 Hoi Bun Road
Kwun Tong Kowloon, Hong Kong

James E. Anderson
108 S. Main Street
Le Sueur, MN 56058

Steven Wallitt
12 Abby Drive
Lawrenceville, NJ 08648

Frames Data Inc.
P.O BOX 10738
Newark, NJ 07193-0738

Freight Refunding Specialists
P.O. BOX 27313
Fresno, CA 93729-7313

Bilzin Sumburg Beana Price & Axelrod LLP
1450 Brickell Ave
Suite 2300
Miami, FL 33131

Modern Optical International
585 Congress Circle N
Roselle, IL 60172

Hong Kong Optical Lens Co, LTD
Flat 01, 11/F Kwong Sang Centre
151 Hoi Bun Road
Kwuan Tong Kowloon, Hong Kong

Catalpa
302-7245 rue Alexandra,
Montréal QC, H2R 2Y9

Ocuco Inc.
13135 66th Street N.
Largo, FL 33773

Nippon Express USA, Inc.
P.O. BOX 826140
Philadelphia, PA 19182-6140

Crouch & Ramey
Trammell Crow Company
2001 Ross Ave.
Suite 4400
Dallas, TX 75201

Oxford Global Resources Inc.
P.O. Box 3256
Boston, MA 02241-3256

Opticom Inc.
1255 Ontario Rd
Suite B
Green Bay, WI 54311-8009

Gonano & Harrell
TD Bank Building
1600 South Federal Highway
Suite 200
Fort Pierce, FL 34950

Penta Vision LLC
321 Norristown Road
Suite 116
Ambler, PA 19002

Reich Family Limited Partnership
c/o Bessemer Trust
900 NW 17th Street, Suite 1000
Washington, DC 20006

Greenberg Traurig, P.A
5100 Town Center Circle, Suite 400
Boca Raton, FL 33486

RSM Advisors Inc.
2708 Arbor Ct
Richardson, TX 75082

Ricoh USA
P.O. BOX 41564
Philadelphia, PA 19101-1564

Hong Kong Optical #311
Flat 01, 11/F Kwong Sang Hong Centre
151 Hoi Bun Road
Kwun Tong, Kowloon Hong Kong

Sunera LLC
201 E. Kennedy Blvd
Suite 415
Tampa, FL 33602

The Vision Council
P.O. BOX 791473
Baltimore, MD 21279-1473

Intergrated Corporate Relations, Inc.
761 Main Avenue
Norwalk, CT 06851

VSP Labs, Inc.
Downey Brand LLP
c/o William Warne & Annie Amaral
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731

Travelers Flood Insurance
c/o Flood Insurance Processing Center
Dallas, TX 75373-1178

Volt Management Corp.
2421 N. Glassell
Orange, CA 92865

Lucas Group
P.O Box 638364
Cincinnati, OH 45263-8364

Waud Capital Partners,L.L.C
300 North LaSalle Street
Suite 4900
Chicago, IL 60654

Wells Fargo Vendor
Financial Services, LLC
P.O. BOX 6338
Macon, GA 31208-6338

Wells Fargo Bank
420 Montgomery Street
San Francisco, CA 94104

Marcum, LLP
Suntrust International Center
One SE Third Avenue, Suite 1100
Miami, FL 33131

Charles Posternack
1460 South Ocean Blvd.
Pompano Beach, FL 33062

Commercial Real Estate Lenders, Inc.
c/o Harry Hahmovitch
2206 W. Atlantic Avenue
Suite 201
Deerfield Beach, FL 33442

Estate of Arthur E. Lipson
Cohen, Chase, Hoffman & Schimmel, PA
9400 S. Dadeland Blvd, Suite 600
Miami, FL 33156

Internal Revenue Service
1100 Commerce St M/S MC5027DAL
Dallas, TX 75242

Internal Revenue Service
324 25th St
Ogden, UT 84401

SEC Headquarters
100 F Street, NE
Washington, DC 20549

Dallas County Tax Office
P.O. Box 139066
Dallas, TX 75313-9066

Oklahoma Tax Comission
Taxpayer Assistance Division
P.O. Box 26920
Oklahoma City, OK 73126-0920

Missouri Department of Revenue
Harry S. Truman State Office Building
301 West High Street
Jefferson City, MO 65101

Elizabeth Weller
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

Laurie A. Spindler
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

Harriet L. Langston
Bohach, Skibell, Dorsey & Stroud, P.C.
17110 Dallas Parkway, Suite 214
Dallas, TX 75248

**Fill in this information to identify the case:**

Debtor 1 PFO MCO LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN District of TEXAS
(State)

Case number 17-30365-HDH11

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Department of the Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

■ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Internal Revenue Service<br>Name | Internal Revenue Service<br>Name |
| P.O. Box 7346<br>Number Street | P.O. Box 7317<br>Number Street |
| Philadelphia PA 19101-7346<br>City State ZIP Code | Philadelphia PA 19101-7317<br>City State ZIP Code |
| Contact phone 1-800-973-0424 | Contact phone 1-800-973-0424 |
| Contact email | Contact email |

Creditor Number: 17520218

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
■ Yes. Claim number on court claims registry (if known) 1 Filed on: 02/13/2017
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No
☐ Yes. Who made the earlier filing?

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See Attachment

**7. How much is the claim?**

$ 172,334.62

**Does this amount include interest or other charges?**
☐ No
■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

■ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.
☐ Motor Vehicle
☐ Other. Describe: ____________

**Basis for perfection:** ____________
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:** $____________

**Amount of the claim that is secured:** $____________

**Amount of the claim that is unsecured:** $____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________

**Annual Interest Rate** (when case was filed) ____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________

**11. Is this claim subject to a right of setoff?**

☐ No
■ Yes. Identify the property See Attachment

**12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
■ Yes. Check all that apply:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 95,986.31 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 10/10/2018
MM / DD / YYYY

/s/ DOROTHY CLAIBORNE
(Signature)

**Print the name of the person who is completing and signing this claim:**

Name: DOROTHY (First name) — (Middle name) — CLAIBORNE (Last name)

Title: Bankruptcy Specialist

Company: Internal Revenue Service
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1100 Commerce St M/S MC5027DAL (Number Street)
Dallas (City) TX (State) 75242 (ZIP Code)

Contact Phone (214) 413-5372 Email:

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

Form 410
Attachment

**In the Matter of:** PFO MCO LLC
14401 W BELTWOOD PARKWAY
SUITE 115
FARMERS BRANCH, TX 75244

Case Number
17-30365-HDH11

Type of Bankruptcy Case
CHAPTER 7A

Date of Petition
01/31/2017

Amendment No. 2 to Proof of Claim dated 02/10/2017.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX4686 | FUTA | 12/31/2014 | 06/05/2017 | $12,880.71 | $912.96 |
| XX-XXX4686 | WT-FICA | 03/31/2015 | 10/05/2015 | $0.00 | $1,376.17 |
| XX-XXX4686 | WT-FICA | 06/30/2015 | 04/04/2016 | $0.00 | $0.63 |
| XX-XXX4686 | WT-FICA | 09/30/2015 | 07/25/2016 | $6,638.16 | $311.95 |
| XX-XXX4686 | WT-FICA | 12/31/2015 | 07/25/2016 | $24,147.10 | $952.75 |
| XX-XXX4686 | FUTA | 12/31/2015 | 05/21/2018 | $14,799.17 | $578.85 |
| XX-XXX4686 | WT-FICA | 03/31/2016 | 06/27/2016 | $31,970.07 | $979.28 |
| XX-XXX4686 | WT-FICA | 03/31/2017 | 05/01/2017 | $0.00 | $0.00 |
| XX-XXX4686 | FUTA | 12/31/2017 | 02/26/2018 | $437.24 | $1.27 |
| | | | | $90,872.45 | $5,113.86 |

**Total Amount of Unsecured Priority Claims: $95,986.31**

**Unsecured General Claims**

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|---|
| XX-XXX4686 | PTRSHP | 12/31/2014 | 1 | Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2015 | 1 | Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2016 | 1 | Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2017 | 1 | Estimated- SEE NOTE | $100.00 | $0.00 |
| | | | | | $400.00 | $0.00 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $75,948.31

**Total Amount of Unsecured General Claims: $76,348.31**

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

Case 17-30355-swe7 Doc 615 Filed 10/06/23 Entered 10/06/23 13:24:05 Desc Main Document Page 1 of 5

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 6, 2023**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-30355 |
| PFO GLOBAL, INC., *et al.*, | § | |
| | § | Chapter 7 |
| Debtors. | § | |
| | § | (Jointly Administered) |

---

**ORDER GRANTING TRUSTEE'S MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE WITH DEBTORS' FORMER DIRECTORS AND OFFICERS AND CERTAIN RELATED PARTIES [DKT. NO. 604]**

---

Before the Court is the *Trustee's Motion, Pursuant to Federal Rule of Bankruptcy Procedure 9019, for Entry of an Order Approving Settlement and Compromise with Debtors' Former Directors and Officers, and Certain Related Parties* ("Motion")[1] [Dkt. No. 604], filed by Shawn K. Brown Chapter 7 Trustee (the "Trustee") of PFO Global, Inc. and its related entities,

---

[1] All capitalized terms shall have the same meaning as ascribed in the Motion, unless otherwise defined herein.

Pro Fit Optix Holding Company, LLC, Pro Fit Optix, Inc., PFO Technologies, LLC, PFO Optima, LLC, and PFO MCO, LLC, (collectively, "PFO" or "Debtors").

The Motion seeks approval, under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, of a settlement agreement ("Settlement Agreement") entered into by and among the Trustee, the Directors and Officers (as defined in the Motion), and insurer Wesco (as also defined in the Motion) (collectively, the "Parties") and filed as Exhibit B to the Motion. The Settlement Agreement will yield a Settlement Payment of $1,075,000.00 to the Estates, and provides for releases of the Directors and Officers and Wesco, subject to the terms and conditions set forth in the Settlement Agreement. The Court has reviewed the Motion and Settlement Agreement and has taken judicial notice of the entire record in this case.

Based on the foregoing, the Court makes the following Findings of Fact and Conclusions of Law:

A. **Jurisdiction:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O). This Court has subject matter jurisdiction over the Claims settled pursuant to 28 U.S.C. §§ 157 and 1334.

B. **Good-Faith Negotiations:** Counsel for the Trustee has apprised the Court of the negotiations that preceded the Settlement Agreement, and the Court finds that the Settlement Agreement is the result of extensive, arm's-length bargaining among the Parties and represents a good-faith compromise and resolution of the matters settled. The Settlement Agreement is not the product of any collusion among the Parties, nor did the Parties negotiate the Settlement Agreement with any intent to prejudice persons or entities subject to the Settlement Agreement.

C. **Benefits of Settlement:** The Settlement Agreement provides, *inter alia,* the following concrete benefit to the Debtors' Estates: pursuant to the terms of the Settlement Agreement, the Debtors' Estates will receive a Settlement Payment of One Million Seventy Five Thousand Dollars ($1,075,000.00) without further delay, risk, and expense associated with prosecuting litigation.

D. **Settlement is Reasonable and in the Best Interests of Creditors of the Debtors' Estates:** The Court is familiar with the claims and defenses asserted by the Trustee, which have been settled pursuant to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, and adequate within the parameters established in *In re Cajun Elec. Power Coop, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (the "*Cajun Electric* Factors") as more fully discussed below. Specifically, the Court finds and concludes that the Trustee has met his burden with respect to the *Cajun Electric* Factors: (i) the probability of success in the litigation; (ii) the complexity and likely duration of the litigation, any attendant expense, inconvenience or delay, and possible problems collecting a judgment; (iii) the interests of creditors with proper deference to their reasonable views; and (iv) the extent to which the settlement is truly the product of arm's length negotiations. Accordingly, the Trustee has demonstrated the exercise of prudent business judgment in connection with the Settlement Agreement. The Settlement Agreement falls above the lowest point in the range of reasonableness and is in the best interests of the creditors of the Debtors' Estates.

E. **Notice and Opportunity to be Heard:** The form and means of the notice of the Motion that the Trustee provided, pursuant to N.D. Tex. L.B.R. 2002-1(f), to all parties who have appeared in the Bankruptcy Case and creditors that have filed claims, is good and proper notice pursuant to the Bankruptcy Rules, Local Rules of this Court and other applicable law, and is determined to be the best notice practicable under the circumstances, and no other or further notice

is or shall be required. In particular, (a) the Court provided notice of the Motion by Notice of Electronic Filing generated by CM/ECF to all parties and counsel who have appeared in this Bankruptcy Case and consented to electronic notice, including the Office of the United States Trustee for the Northern District of Texas; and (b) the Trustee provided notice of the Motion, via U.S. Mail, postage prepaid to (i) all of the Debtors' creditors who have filed claims; and (ii) all counsel, creditors and parties who have appeared in this Bankruptcy Case and are on the Court's mailing matrices for this Bankruptcy Case, but are not registered to receive Notices of Electronic Filings in this Bankruptcy Case ("Noticed Parties").

Based on the foregoing, the Court finds and determines that the Settlement Agreement is fair, equitable, falls above the lowest point in the range of reasonableness, is in the best interest of the creditors of the Debtors' Estates, meets all of the *Cajun Electric* Factors, and that the Trustee exercised prudent business judgment in connection therewith and satisfied the legal standards under the facts of this Bankruptcy Case. Accordingly, it is –

**ORDERED** as follows:

**1.** **Motion**: The Motion is GRANTED in its entirety.

**2.** **Settlement Agreement:** The Settlement Agreement is APPROVED in all respects, and the terms and conditions of the Settlement Agreement are incorporated in this Order as if fully stated herein. The Parties are authorized and directed to execute and deliver the Settlement Agreement, and to perform all acts as are necessary and appropriate to effectuate the Settlement Agreement.

**3.** **Objections**: Any creditor or other party-in-interest that did not file or assert and serve a written objection to the Motion is conclusively deemed to have waived any objection they may have to the Motion and the Settlement Agreement.

**4.** **Releases:** The Releases contained in the Settlement Agreement are APPROVED in their entirety and incorporated herein by reference, conditioned on the Settlement Payment provided for in the Settlement Agreement being paid.

**5.** **Notice:** In addition to service that will be effected by CM/ECF on all parties that are registered to receive Notices of Filing in this Bankruptcy Case, the Trustee's counsel is directed to serve a copy of this Order, by U.S. Mail, postage prepaid, on all other Noticed Parties, and such service is deemed good and adequate service of this Order.

**6.** **Retention of Jurisdiction**: The Court retains jurisdiction to enforce, implement, and interpret the terms of this Order and the Settlement Agreement and all other matters addressed herein.

**## END OF ORDER ##**

Submitted by:

Kevin McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: 214-953-0182
Facsimile: 214-953-0185
kdm@romclaw.com
sthomas@romclaw.com

COUNSEL FOR SHAWN K. BROWN, CHAPTER 7 TRUSTEE

Gregory W. Mitchell
THE MITCHELL LAW FIRM, L.P.
1100 W. Campbell Road, Suite 200
Richardson, Texas 75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
ATTORNEY FOR DEBTOR

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: **Brigitte Rousseau** | § | **Case No. 26-41427** |
| | § | |
| ***Debtor*** | § | **Chapter 13** |

---

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9**
**FILED BY INTERNAL REVENUE SERVICE**

---

## 30-DAY NEGATIVE NOTICE – LBR 3007(b):

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you <u>must</u> file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE</u> listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Brigitte Rousseau, ("**Debtor**") and files this her Objection to Proof of Claim No. 9 (the "**Objection**") filed by the Internal Revenue Service ("**Creditor**") pursuant to 11 §U.S.C. 502(b)(1) and Bankruptcy Rule 3007, and as grounds therefore would respectfully show the Court, as follows:

1. Debtor objects to Creditor's claim in the total amount of $121,670.23. A copy of Creditor's Proof of Claim No. 9 is attached hereto as **Exhibit A.**

2. The Claim does not appear to reflect all payments made by the Debtor to Creditor.

3. Debtor is not properly held responsible for this debt – which represents employment taxes of a former employer. As described in more detail in the Declaration of Brigitte Rousseau – attached hereto as **Exhibit B** – the Debtor made diligent attempts to work with the IRS to address the balance owed and, in fact, reached an agreement with the IRS regarding this debt. However, the entity subsequently filed for bankruptcy, and the Creditor is attempting to hold the Debtor responsible as a "responsible person" despite doing everything in her power to encourage the entity to pay the tax owed.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Proof of Claim filed by the Internal Revenue Service related to this debt in the bankruptcy case of Debtor's former employer.

5. Debtor has further received commitments from bankruptcy counsel for her former employer that the entity is going to satisfy the amounts due, thereby relieving her of any liability.

WHEREFORE, PREMISES CONSIDERED, upon notice and hearing, Debtor requests that Creditor's Proof of Claim No. 1 be denied as requested herein. Debtor requests that she be granted such other, further and general relief to which she may show herself to be justly entitled.

**DATED this 9th day of July, 2026.**

Respectfully submitted,

**THE MITCHELL LAW FIRM, L.P.**

**/s/ Gregory W. Mitchell**
Gregory W. Mitchell
1100 W. Campbell Road, Suite 200
Richardson, Texas 75080
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
E-mail: greg@mitchellps.com

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on **July 9, 2026**, a true and correct copy of the foregoing was served via U.S. Mail and/or the court's ECF system to the parties listed below and/or on the attached mailing matrix in accordance with LBR 9013(f)(1)(C).

/s/ **Gregory W. Mitchell**
Gregory W. Mitchell
Attorney for Debtor

Label Matrix for local noticing
0540-4
Case 26-41427
Eastern District of Texas
Sherman
Thu Jul 9 19:28:21 CDT 2026

Apple Credit
Goldman Sachs Bank
Lockbox 6112
P.O. Box 7247
Philadelphia, PA 19170-0001

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Barclays Bank
Card Services
P.O. Box 13337
Philadelphia, PA 19101-3337

Best Buy Credit Services
P.O. Box 790441
Saint Louis, MO 63179-0441

DATCU
P.O. Box 827
Denton, TX 76202-0827

Juanita Michelle Deaver
Codilis & Moody, P.C.
20405 State Highway 249
Suite 170
Houston, TX 77070-2620

Department of Education
400 Maryland Ave, SW Rm 6E353
Washington, DC 20202-0008

Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

Lisa L. Evans
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, TX 75219-3959

Foundation Finance Company, LLC
Jefferson Capital Systems, LLC Assignee
PO BOX 7999
SAINT CLOUD, MN 56302-7999

Happen Bank, National Association
88 Kearny Street, Suite 600
San Francisco, CA 94108-5530

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lakeview Loan Servicing, LLC
C/O M & T Bank
P.O. Box 840
Buffalo NY 14240-0840

Lending Club Corp.
595 Market St. Suite 200
San Francisco, CA 94105-5839

Lewisville ISD
Linebarger Goggan Blair & Sampson, LLP
C/O Lisa Large Evans
3500 Maple Avenue, Suite 800
DALLAS, TX 75219-3959

Lewisville ISD
Linebarger Goggan Blair & Sampson, LLP
c/o Lisa Large Evans
3500 Maple Avenue Suite 800
Dallas, Texas 75219-3959

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

Gregory W. Mitchell
The Mitchell Law Firm, L.P.
1100 West Campbell Road
Suite 200
Richardson, TX 75080-2951

NEBRASKA FURNITURE MART
5600 NEBRASKA FURNITURE MART DR
#08444
THE COLONY, TX 75056-5348

(p)NATIONAL CREDIT SYSTEMS
ATTN BANKRUPTCY
PO BOX 672288
MARIETTA GA 30006-0039

Nebraska Furniture Mart
P.O. Box 2335
Omaha, NE 68103-2335

Julie Anne Parsons
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680-1269

Brigitte Rousseau
4205 Broadway Avenue
Flower Mound, TX 75028-7744

Tom W Sharp
Blalack & Williams, P.C.
4851 LBJ Freeway
Suite 750
Dallas, TX 75244-6012

The County of Denton, Texas
McCreary Veselka Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

The Mitchell Law Firm, L.P.
1100 W. Campbell Road Suite 200
Richardson, TX 75080-2951

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

(p)HUD OGC REGION VI
307 W SEVENTH ST SUITE 1000
FT WORTH TX 76102-5108

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

Wells Fargo Bank, N.A.
P.O. Box 10347
Des Moines, IA 50306-0347

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

M&T Bank
P.O. Box 844
Buffalo, NY 14240

National Credit System
3750 Naturally Fresh Blvd.
Atlanta, GA 30349

U.S. Department of Housing and Urban Develop
307 W. 7th St., Suite 1000
Fort Worth, TX 76102

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)DATCU Credit Union

(d)Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

(u)LAKEVIEW LOAN SERVICING, LLC

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 33 |
| Bypassed recipients | 3 |
| Total | 36 |

**Fill in this information to identify the case:**

Debtor 1 BRIGITTE ROUSSEAU

Debtor 2 (Spouse, if filing) ____________

United States Bankruptcy Court for the: EASTERN District of TEXAS (State)

Case number 26-41427

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Department of Treasury - Internal Revenue Service Creditor Number : 8789537
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____________

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Name | Internal Revenue Service | Internal Revenue Service |
| Number Street | P.O. Box 7346 | P.O. Box 7317 |
| City State ZIP Code | Philadelphia PA 19101-7346 | Philadelphia PA 19101-7317 |
| Contact phone | 1-800-973-0424 | 1-800-973-0424 |
| Contact email | | |

Uniform claim identifier (if you use one): __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ____________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See Attachment

**7. How much is the claim?**

$ 121,670.23. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☑ Motor vehicle
☑ Other. Describe: All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:** See Attachment

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $

**Amount of the claim that is secured:** $ 118,173.73

**Amount of the claim that is unsecured:** $ 3,496.50 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $

**Annual Interest Rate** (when case was filed) 6 %

☐ Fixed
☑ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: See attachment

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br>☑ Yes. *Check one:* | **Amount entitled to priority** |
| | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| | ❑ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| | ❑ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 2,936.44 |
| | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |
| | * Amounts are subject to adjustment on 04/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ☑ I am the creditor.
- ❑ I am the creditor's attorney or authorized agent.
- ❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 06/18/2026
MM / DD / YYYY

/s/ DEMETRICA BOWSER
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | DEMETRICA<br>First name | Middle name | BOWSER<br>Last name |
| Title | Bankruptcy Specialist | | |
| Company | Internal Revenue Service<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1100 Commerce Street, M/S 5027<br>Number Street | | |
| | Dallas<br>City | TX<br>State | 75242<br>ZIP Code |
| Contact phone | 214-413-5344 | Email | demetrica.y.cox@irs.gov |

# Proof of Claim for Internal Revenue Taxes

Form 410
Attachment

Department of the Treasury/Internal Revenue Service

**In the Matter of:** BRIGITTE ROUSSEAU
4205 BROADWAY AVENUE
FLOWER MOUND, TX 75028

Case Number
26-41427

Type of Bankruptcy Case
CHAPTER 13

Date of Petition
04/25/2026

The United States has the right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Penalty to Petition Date* | *Interest to Petition Date* | *Notice of Tax Date* | *Lien Filed: Office Location* |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-4565 | CIVIL PEN | 09/30/2015 | 09/27/2019 | $6,638.16 | $0.00 | $2,990.56 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | CIVIL PEN | 12/31/2015 | 09/27/2019 | $24,147.10 | $0.00 | $10,878.41 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | CIVIL PEN | 03/31/2016 | 09/27/2019 | $31,970.07 | $0.00 | $14,402.74 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2016 | 11/27/2017 | $0.00 | $35.44 | $74.39 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2016 | 09/16/2019 | $0.00 | $4,619.57 | $2,654.87 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2018 | 06/03/2019 | $2,284.20 | $2,643.66 | $3,539.53 | 04/08/2021 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2019 | 10/19/2020 | $847.00 | $273.74 | $395.35 | 08/09/2022 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2021 | 06/06/2022 | $6,500.00 | $78.02 | $2,100.62 | 12/20/2022 | DENTON COUNTY |
| XXX-XX-4565 | INCOME | 12/31/2022 | 06/05/2023 | $663.00 | $255.05 | $182.25 | 08/28/2023 | DENTON COUNTY |
| | | | | $73,049.53 | $7,905.48 | $37,218.72 | | |

**Total Amount of Secured Claims: $118,173.73**

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XXX-XX-4565 | INCOME | 12/31/2023 | 06/03/2024 | $2,373.00 | $563.44 |
| | | | | $2,373.00 | $563.44 |

**Total Amount of Unsecured Priority Claims: $2,936.44**

**Unsecured General Claims**

*Continued from Page 1*

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . .$560.06

**Total Amount of Unsecured General Claims: $560.06**

1872 COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 26-41427 | Lien Recorded : 12/20/2022 - 00:00AM<br>Recording Number: 171667<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #5<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 463959122 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:

BRIGITTE ROUSSEAU

Residence: 4205 BROADWAY AVE
FLOWER MOUND, TX 75028-7744

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2021 | XXX-XX-4565 | 06/06/2022 | 07/06/2032 | $6,537.14 |

| Filed at:<br>DENTON COUNTY<br>DENTON, TX 76202 | Total | $6,537.14 |
|---|---|---|

This notice was prepared and executed at NASHVILLE, TN
on this. the 08th dav of December. 2022.

| Authorizing Official: | Title: |
|---|---|
| ZACHARY N CARTER | REVENUE OFFICER 25-05-4562 |

1872 COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 26-41427 | Lien Recorded : 08/09/2022 - 00:00AM<br>Recording Number: 115985<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #5<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 456571622 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
BRIGITTE ROUSSEAU

Residence: 4205 BROADWAY AVE
FLOWER MOUND, TX 75028-7744

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2019 | XXX-XX-4565 | 04/15/2020 | 05/15/2030 | $0.00 |
| 1040 | 12/31/2019 | XXX-XX-4565 | 10/19/2020 | 11/18/2030 | $868.04 |

| Filed at:<br>DENTON COUNTY<br>DENTON, TX 76202 | Total | $868.04 |
|---|---|---|

This notice was prepared and executed at NASHVILLE, TN
on this. the 25th dav of Julv. 2022.

| Authorizing Official:<br>MARTHA CUMMINGS | Title:<br>REVENUE OFFICER 25-05-4532 |
|---|---|

1872 COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 26-41427 | Lien Recorded : 08/28/2023 - 00:00AM<br>Recording Number: 92560<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #5<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 477514023 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
BRIGITTE ROUSSEAU

Residence: 4205 BROADWAY AVE
FLOWER MOUND, TX 75028-7744

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2022 | XXX-XX-4565 | 06/05/2023 | 07/05/2033 | $801.83 |

| Filed at:<br>DENTON COUNTY<br>DENTON, TX 76202 | Total | $801.83 |
|---|---|---|

This notice was prepared and executed at NASHVILLE, TN
on this, the 16th day of August, 2023.

| Authorizing Official:<br>ZACHARY N CARTER | Title:<br>REVENUE OFFICER 25-05-4562 |
|---|---|

1872 COURT RECORDING DATA

INTERNAL REVENUE SERVICE
FACSIMILE FEDERAL TAX LIEN DOCUMENT

BANKRUPTCY DOCKET: 26-41427

Lien Recorded : 04/08/2021 - 00:00AM
Recording Number: 62799
UCC Number :
Liber :
Page :

Area: SMALL BUSINESS/SELF EMPLOYED #5
Lien Unit Phone: (800) 913-6050

IRS Serial Number: 428089721

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
BRIGITTE ROUSSEAU

Residence: 4205 BROADWAY AVE
FLOWER MOUND, TX 75028-7744

With respect to each assessment below, unless notice of lien is refiled by the date in column(e), this notice shall constitute the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-4565 | 08/15/2016 | 09/14/2026 | $3,821.91 |
| 1040 | 12/31/2016 | XXX-XX-4565 | 11/27/2017 | 12/27/2027 | $0.00 |
| 1040 | 12/31/2016 | XXX-XX-4565 | 09/16/2019 | 10/16/2029 | $11,231.26 |
| 1040 | 12/31/2018 | XXX-XX-4565 | 06/03/2019 | 07/03/2029 | $9,324.96 |
| 6672 | 09/30/2015 | XXX-XX-4565 | 09/27/2019 | 10/27/2029 | $6,921.58 |
| 6672 | 12/31/2015 | XXX-XX-4565 | 09/27/2019 | 10/27/2029 | $25,178.05 |
| 6672 | 03/31/2016 | XXX-XX-4565 | 09/27/2019 | 10/27/2029 | $33,335.03 |

Filed at:
DENTON COUNTY
DENTON, TX 76202

Total $89,812.79

This notice was prepared and executed at NASHVILLE, TN
on this. the 25th dav of March. 2021.

Authorizing Official:
MARTHA CUMMINGS

Title:
REVENUE OFFICER 25-05-4532

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: **Brigitte Rousseau** | § | **Case No. 26-41427** |
| | § | |
| ***Debtor*** | § | **Chapter 13** |

---

**DECLARATION OF BRIGITTE ROUSSEAU**
**IN SUPPORT OF CLAIM OBJECTION**

---

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

I, Brigitte Rousseau, state the following to be true and correct to the best of my knowledge:

1. "My name is Brigitte Rousseau, and I am the debtor in the above-styled matter. I am over eighteen (18) years of age, of sound mind, and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am filing this in support of the Claim Objection to the Internal Revenue Service Claim No. 9 filed on June 18, 2026. The purpose of this Claim Objection is to assess the true liability owed by the Debtor.

3. I formerly worked for a company named PFO MCO LLC (PFO). When PFO got behind on its employment taxes, I worked diligently to obtain a resolution with the Internal Revenue Service.

4. I did, in fact, reach a resolution with the Internal Revenue Service when I met with Officer Asha Turner on December 9, 2016. At the time, I was no longer an employee of PFO. My services had been retained as a contractor to pursue the resolution of this issue. However, before PFO satisfied its obligations under that resolution, PFO filed for bankruptcy.

5. This claim includes amounts owed by PFO, and PFO, through its bankruptcy counsel, has committed to paying the balance due by PFO MCO LLC (EIN 46-4474686).

6. I should not be responsible for PFO's debt, as its payment or the lack thereof was beyond my control. I did everything I possibly could to encourage PFO to pay this debt, but despite my best efforts, PFO did not satisfy this obligation before filing for bankruptcy.

I declare under penalty of perjury that the foregoing is true and correct."

**Signed by on this 9th day of July, 2026.**

/s/ Brigitte Rousseau
Brigitte Rousseau

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

Form 410
Attachment

**In the Matter of:** PFO MCO LLC
14401 W BELTWOOD PARKWAY
SUITE 115
FARMERS BRANCH, TX 75244

Case Number
17-30365-HDH11

Type of Bankruptcy Case
CHAPTER 7A

Date of Petition
01/31/2017

Amendment No. 2 to Proof of Claim dated 02/10/2017.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX4686 | FUTA | 12/31/2014 | 06/05/2017 | $12,880.71 | $912.96 |
| XX-XXX4686 | WT-FICA | 03/31/2015 | 10/05/2015 | $0.00 | $1,376.17 |
| XX-XXX4686 | WT-FICA | 06/30/2015 | 04/04/2016 | $0.00 | $0.63 |
| XX-XXX4686 | WT-FICA | 09/30/2015 | 07/25/2016 | $6,638.16 | $311.95 |
| XX-XXX4686 | WT-FICA | 12/31/2015 | 07/25/2016 | $24,147.10 | $952.75 |
| XX-XXX4686 | FUTA | 12/31/2015 | 05/21/2018 | $14,799.17 | $578.85 |
| XX-XXX4686 | WT-FICA | 03/31/2016 | 06/27/2016 | $31,970.07 | $979.28 |
| XX-XXX4686 | WT-FICA | 03/31/2017 | 05/01/2017 | $0.00 | $0.00 |
| XX-XXX4686 | FUTA | 12/31/2017 | 02/26/2018 | $437.24 | $1.27 |
| | | | | $90,872.45 | $5,113.86 |

62755.33
(13219.80)
49535.53

**Total Amount of Unsecured Priority Claims: $95,986.31**

**Unsecured General Claims**

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX4686 | PTRSHP | 12/31/2014 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2015 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2016 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2017 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| | | | | $400.00 | $0.00 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $75,948.31

**Total Amount of Unsecured General Claims: $76,348.31**

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: **Brigitte Rousseau** | § | **Case No. 26-41427** |
| | § | |
| ***Debtor*** | § | **Chapter 13** |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9**
**FILED BY INTERNAL REVENUE SERVICE**

ON THIS DATE the Court considered the Debtor's objection to proof of claim No. 9 filed by the Internal Revenue Service ("**Claimant**") on or about June 18, 2026, in the amount of $121,670.23. The Court finds that the objection to claim contains proof sufficient to overcome the presumption of validity imposed by Fed. R. Bankr. P. 3001(f) and was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure. The Court further finds that the objection contained the appropriate (30)-day negative notice language, pursuant to LBR 30077, which directed the Claimant to file a written response within thirty days or the objection to claim would be deemed by the Court to be unopposed. Due to the failure of the Claimant to file a timely written response to the objection, the Court deems the Debtor's claim objection to be unopposed and, therefore, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Debtor's Objection to the Proof of Claim No. 9 filed by Claimant is **SUSTAINED** and that claim No. 9 filed by the Internal Revenue Service is hereby disallowed to the extent requested in the Objection.

**IN THE UNITED STATES**
**BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-42216** |
| **BRIGITTE ROUSSEAU** | § | |
| | § | **Chapter 13 (converted from chapter 7)** |
| ***Debtor.*** | § | |

**DECLARATION OF BRIGITTE ROUSSEAU IN SUPPORT OF CLAIM OBJECTION**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

I, Brigitte Rousseau, state the following to be true and correct to the best of my knowledge:

1. "My name is Brigitte Rousseau, and I am the debtor in the above-styled matter. I am over eighteen (18) years of age, of sound mind, and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am filing this in support of the Claim Objection to the Internal Revenue Service Claim No. 1 filed on March 12, 2024. The purpose of this Claim Objection is to assess the true liability owed by the Debtor.

3. I formerly worked for a company named PFO MCO LLC (PFO). When PFO got behind on its employment taxes, I worked diligently to obtain a resolution with the Internal Revenue Service.

4. I did, in fact, reach a resolution with the Internal Revenue Service when I met with Officer Asha Turner on December 9, 2016. At the time, I was no longer an employee of PFO. My services had been retained as a contractor for pursue the resolution of this issue. However, before PFO satisfied its obligations under that resolution, PFO filed for bankruptcy.

5. This claim includes amounts owed by PFO, and PFO, through its bankruptcy counsel, has

committed to paying the balance due by PFO MCO LLC (EIN 46-4474686).

6. I should not be responsible for PFO's debt, as its payment or the lack thereof was beyond my control. I did everything I possibly could to encourage PFO to pay this debt, but despite my best efforts, PFO did not satisfy this obligation before filing for bankruptcy.

I declare under penalty of perjury that the foregoing is true and correct."

Brigitte Rousseau

**Signed by on this 11th day of April, 2024.**

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**Form 410**
Attachment

**In the Matter of:** PFO MCO LLC
14401 W BELTWOOD PARKWAY
SUITE 115
FARMERS BRANCH, TX 75244

Case Number
17-30365-HDH11

Type of Bankruptcy Case
CHAPTER 7A

Date of Petition
01/31/2017

Amendment No. 2 to Proof of Claim dated 02/10/2017.

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX4686 | FUTA | 12/31/2014 | 06/05/2017 | $12,880.71 | $912.96 |
| XX-XXX4686 | WT-FICA | 03/31/2015 | 10/05/2015 | $0.00 | $1,376.17 |
| XX-XXX4686 | WT-FICA | 06/30/2015 | 04/04/2016 | $0.00 | $0.63 |
| XX-XXX4686 | WT-FICA | 09/30/2015 | 07/25/2016 | $6,638.16 | $311.95 |
| XX-XXX4686 | WT-FICA | 12/31/2015 | 07/25/2016 | $24,147.10 | $952.75 |
| XX-XXX4686 | FUTA | 12/31/2015 | 05/21/2018 | $14,799.17 | $578.85 |
| XX-XXX4686 | WT-FICA | 03/31/2016 | 06/27/2016 | $31,970.07 | $979.28 |
| XX-XXX4686 | WT-FICA | 03/31/2017 | 05/01/2017 | $0.00 | $0.00 |
| XX-XXX4686 | FUTA | 12/31/2017 | 02/26/2018 | $437.24 | $1.27 |
| | | | | $90,872.45 | $5,113.86 |

62755.33
(13219.80)
49535.53

**Total Amount of Unsecured Priority Claims: $95,986.31**

**Unsecured General Claims**

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XX-XXX4686 | PTRSHP | 12/31/2014 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2015 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2016 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| XX-XXX4686 | PTRSHP | 12/31/2017 | 1 Estimated- SEE NOTE | $100.00 | $0.00 |
| | | | | $400.00 | $0.00 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $75,948.31

**Total Amount of Unsecured General Claims: $76,348.31**

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **BRIGITTE ROUSSEAU,** | § | **Case No.: 26-41427** |
| | § | **Chapter 13** |
| **Debtor.** | § | |

**AMENDED AGREED SCHEDULING ORDER RELATED TO DEBTOR'S OBJECTION TO IRS PROOF OF CLAIM NO. 9 (Dkt. 36)**

Pursuant to Federal Rule of Bankruptcy Procedure 7016, the Court issues the following Agreed Scheduling Order:

1. Discovery shall be completed by November 2, 2026.

2. Dispositive motions shall be filed by December 7, 2026. Responses thereto shall be due by December 28, 2026.

3. Exhibit and witness lists shall be exchanged no later than January 19, 2027.

4. A Joint Pre-Trial Order and proposed findings of fact and conclusions of law are due on February 2, 2027.

5. A telephonic trial scheduling conference on the IRS Claim Objection (Dkt. 36) is set for the 3rd day of March, 2027 at 9:29 o'clock a.m.. Parties are instructed to email ECRO_PLANO@TXEB.USCOURTS.GOV to obtain dial in information.

Signed on 8/27/2026

Brenda T. Rhoades KC

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO SUBSTANCE, FORM AND ENTRY:

/s/ Ramona S Notinger

RAMONA S. NOTINGER, ATTORNEY FOR UNITED STATES (INTERNAL REVENUE SERVICE)

/s/ Gregory Mitchell by Ramona S Notinger with permission

GREGORY MITCHELL, ATTORNEY FOR DEBTOR BRIGITTE ROUSSEAU

| | |
|---|---|
| **From:** | Notinger, Ramona S (CIV) |
| **To:** | shawn@browntrustee.com; DBielitz@lainfaulkner.com |
| **Subject:** | In re PFO MCO LLC, Debtor; No. 17-30365; USBC ND TX; In re Brigitte Rousseau, Debtor; No. 26-41427; USBC ED TX |
| **Date:** | Monday, October 19, 2026 3:19:00 PM |
| **Attachments:** | IRS Amended Proof of Claim(1736189.1).pdf<br>image001.png<br>00051 - Amended Agreed Scheduling Order on Debtor"s Objection to IRS Proof of Claim entered 08.27.2026(1735445.1).pdf<br>Doc 36 Debtor"s Objection to POC No. 9 filed by IRS_1.pdf |

Good afternoon Gentlemen. As we discussed by telephone today, I represent the United States (IRS) in the referenced Chapter 13 bankruptcy of Brigitte Rousseau, former CFO of PFO MCO LLC. According to documents filed in the PFO bankruptcy in 2023, Shawn settled an adversary proceeding (Adv. No. 19-03012) he brought against the former officers and directors of PFO, including Ms. Rousseau, and the settlement amount was over $1 million. Ms. Rousseau was assessed trust fund recovery (Section 6672) penalties for the last 2 quarters of 2015 and 1st quarter of 2016, and the attached IRS proof of claim filed in the PFO bankruptcy includes those periods. Ms. Rousseau filed the attached objection to the IRS proof of claim through her attorney, Greg Mitchell, with a page from the IRS proof of claim filed in the PFO bankruptcy. Attached is the scheduling order entered by Judge Rhoades in Ms. Rousseau's case.

Shawn, if you are going to pay the IRS priority claim (attached) that includes the same periods in my case (last 2 quarters of 2015 and 1st quarter of 2016), that may resolve part of my case. Please let me know how you plan to proceed, so if the IRS priority claim is paid in the PFO bankruptcy, then IRS may amend its proof of claim in the Rousseau bankruptcy and we can notify Judge Rhoades, before whom Ms. Rousseau's bankruptcy is pending, that the issues have been narrowed with respect to Ms. Rousseau's objection to the IRS claim.

If you want to have a meeting to discuss this, I can walk down to your office, as we are in the same building. Thanks for your courtesies and assistance.

Best regards,

Ramona S. Notinger
Trial Attorney
Tax Litigation Branch
U.S. Department of Justice
Civil Division
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9766 Telephone

(202) 598-5947 Government Cell
(214) 880-9741 E-Fax

**From:** Notinger, Ramona S (CIV)
**To:** shawn@browntrustee.com; dbielitz@lainfaulkner.com
**Subject:** In re PFO MCO LLC, Debtor; No. 17-30365; USBC ND TX; In re Brigitte Rousseau, Debtor; No. 26-41427; USBC ED TX
**Date:** Monday, October 19, 2026 3:29:00 PM
**Attachments:** IRS Amended Proof of Claim(1736189.1).pdf
image001.png
00051 - Amended Agreed Scheduling Order on Debtor"s Objection to IRS Proof of Claim entered 08.27.2026(1735445.1).pdf
Doc 36 Debtor"s Objection to POC No. 9 filed by IRS 1.pdf

---

My boss wants to know the time frame when the attached IRS priority claim, for 941 tax for the last 2 quarters of 2015 and the first quarter of 2016, in the PFO bankruptcy will be paid, and whether we need to file a motion for distribution in the PFO bankruptcy to make that happen. Thank you.

Best regards,

Ramona S. Notinger
Trial Attorney
Tax Litigation Branch
U.S. Department of Justice
Civil Division
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9766 Telephone
(202) 598-5947 Government Cell
(214) 880-9741 E-Fax

---

**From:** Notinger, Ramona S (CIV)
**Sent:** Monday, October 19, 2026 3:20 PM
**To:** shawn@browntrustee.com; DBielitz@lainfaulkner.com
**Subject:** In re PFO MCO LLC, Debtor; No. 17-30365; USBC ND TX; In re Brigitte Rousseau, Debtor; No. 26-41427; USBC ED TX

Good afternoon Gentlemen. As we discussed by telephone today, I represent the United States (IRS) in the referenced Chapter 13 bankruptcy of Brigitte Rousseau, former CFO

of PFO MCO LLC. According to documents filed in the PFO bankruptcy in 2023, Shawn settled an adversary proceeding (Adv. No. 19-03012) he brought against the former officers and directors of PFO, including Ms. Rousseau, and the settlement amount was over $1 million. Ms. Rousseau was assessed trust fund recovery (Section 6672) penalties for the last 2 quarters of 2015 and 1st quarter of 2016, and the attached IRS proof of claim filed in the PFO bankruptcy includes those periods. Ms. Rousseau filed the attached objection to the IRS proof of claim through her attorney, Greg Mitchell, with a page from the IRS proof of claim filed in the PFO bankruptcy. Attached is the scheduling order entered by Judge Rhoades in Ms. Rousseau's case.

Shawn, if you are going to pay the IRS priority claim (attached) that includes the same periods in my case (last 2 quarters of 2015 and 1st quarter of 2016), that may resolve part of my case. Please let me know how you plan to proceed, so if the IRS priority claim is paid in the PFO bankruptcy, then IRS may amend its proof of claim in the Rousseau bankruptcy and we can notify Judge Rhoades, before whom Ms. Rousseau's bankruptcy is pending, that the issues have been narrowed with respect to Ms. Rousseau's objection to the IRS claim.

If you want to have a meeting to discuss this, I can walk down to your office, as we are in the same building. Thanks for your courtesies and assistance.

Best regards,

Ramona S. Notinger
Trial Attorney
Tax Litigation Branch
U.S. Department of Justice
Civil Division
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9766 Telephone
(202) 598-5947 Government Cell
(214) 880-9741 E-Fax

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 17-30355-SWE-7 &** |
| | * | **CASE NO. 17-30365-SWE-7** |
| **PFO GLOBAL, INC., et al.** | * | |
| **& PFO MCO LLC,** | * | **(Jointly Administered)** |
| | * | |
| **DEBTORS.** | * | **CHAPTER 7** |

**ORDER GRANTING UNITED STATES' MOTION TO REQUIRE CHAPTER 7 TRUSTEE SHAWN BROWN TO PAY IRS PRIORITY CLAIM FILED IN CASE NO. 17-30365**

CAME ON FOR CONSIDERATION the *United States' Motion to Require Chapter 7 Trustee Shawn Brown to Pay IRS Priority Claim filed in Case No. 17-30365* (the "Motion") by United States (Internal Revenue Service, "IRS") a secured and priority creditor and party-in-interest, in the above-captioned jointly administered bankruptcy cases. The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its bankruptcy estate, and creditors; (iv) proper and adequate notice of the Motion under the circumstances has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth in the Motion. It is therefore

ORDERED that the Motion is granted, and Trustee Shawn Brown shall pay the IRS priority claim filed in Case No. 17-30365 (Claim 1-3) in the amount of **$95,986.31**, that includes federal employment (Form 941-WT-FICA) taxes for all four quarters of 2015 and the first quarter of 2016, as well as FUTA (Form 940-unemployment) taxes, plus interest thereon from bankruptcy petition date until paid, within 30 days of the date this Order is entered.

SIGNED THE _____ day of _________________, 2026.

_______________________________________
HONORABLE SCOTT W. EVERETT
UNITED STATES BANKRUPTCY JUDGE